(20 Misc. Rep. 7.)

### MORRIS v. MURRAY.

(City Court of New York, General Term. April 1, 1897.)

PRINCIPAL AND AGENT—LIABILITY OF AGENT.

  Recovery cannot be had against the manager of an association for work done for it under his direction, unless he unequivocally charged himself with the debt.

Appeal from trial term.

Action by Fritz Morris against George Murray for work and labor performed. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Herbert C. Smyth, for appellant.

David Leventritt, for respondent.

McCARTHY, J. It is clear from the evidence that the Long Beach Hotel, in 1896, was owned and run by the Long Beach Association, and that the defendant was in its employ as manager of the same, under and by virtue of a contract which is in evidence, without any objection having been raised thereto; that the plaintiff had been informed by the president of the association that they were carrying on said hotel, and that the defendant was their manager in the running of the same. In 1895 the plaintiff performed for the Long Beach Association work, which was used in said hotel, and he knew it belonged to the association, similar to that in controversy. It appears, further, that the plaintiff knew that the articles which he was to plate and repair were also the property of this association. There is no evidence of an original promise on the part of the defendant, and unless the defendant made some unequivocal promise to pay this debt of the association, and that in writing, the plaintiff cannot recover. We think, therefore, the court erred in refusing the following request to charge: "Defendant's Attorney: I ask your honor to charge the jury that, if the plaintiff knew that Mr. Murray was acting as manager of the Long Beach Association at the time he gave the order, then the verdict of the jury must be for the defendant. The Court: I decline to charge as requested. (Exception taken by the defendant's counsel),"—for if the plaintiff dealt with the defendant knowing he was not the principal, but simply the agent or representative of the association, he cannot recover in this action.

For this reason the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.